THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00571-MR

| | |
|---|---|
| ANITA MOBLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ERIK A. HOOKS, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the *pro se* Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 [Doc. 1] and the Respondent's Motion for Summary Judgment [Doc. 8].

I.  **PROCEDURAL BACKGROUND**

The Petitioner, who is a prisoner of the State of North Carolina, was indicted by a Mecklenburg County grand jury on the offenses of felony child abuse; statutory sexual offense of a person thirteen, fourteen, or fifteen years old; statutory rape of a person thirteen, fourteen, or fifteen years old; first degree rape; first degree sexual offense; and taking indecent liberties with a child. On October 1, 2018, the Petitioner entered an Alford plea pursuant to a plea agreement to the charges of first-degree sexual offense, felony child abuse - sexual act, and statutory rape/sexual offense. The State dismissed

the remaining charges. The court sentenced the Petitioner according to the exact terms of her plea bargain to a consolidated term of 300-369 months' imprisonment. The Petitioner did not appeal the judgment.

On May 3, 2019, the Petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Superior Court of Mecklenburg County, asserting that the sentence imposed contained a type of disposition or term of imprisonment not authorized for the class of offense and prior record or conviction level. [Doc. 9-4]. The trial court denied the motion on the merits. [Doc. 9-5]. The Petitioner filed a *pro se* certiorari petition in the North Carolina Court of Appeals, seeking review of the trial court's denial of her MAR. [Doc. 9-6]. The appellate court denied the certiorari petition on August 22, 2019. [Doc. 9-7].

The Petitioner filed her § 2254 Petition in this Court on October 24, 2019. [Doc. 1]. The Respondent has filed a Response [Doc. 7] and a Motion for Summary Judgment [Doc. 8]. The Petitioner has filed a Response [Doc. 12] to the summary judgment motion.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a federal court's ability to grant habeas corpus relief to state prisoners.

2

Under AEDPA, federal courts may not grant relief on a habeas claim that has been adjudicated on the merits in a state court proceeding unless the state court's determination "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[,]" id. § 2254(d)(2). A state court's decision constitutes an unreasonable application of clearly established federal law under § 2254(d)(1) when the state court correctly identifies the "governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." Barnes v. Joyner, 751 F.3d 229, 238 (4th Cir. 2014) (citation omitted). In making this assessment, the Court looks "to whether the state court's application of law was objectively unreasonable and not simply whether the state court applied the law incorrectly." Id. at 238-39 (citation omitted).

For a state court's factual determination to be held unreasonable under § 2254(d)(2), "[the determination] must be more than merely incorrect or erroneous." Williams v. Stirling, 914 F.3d 302, 312 (4th Cir. 2019) (citation omitted). The state court's finding must be "sufficiently against the weight of

3

the evidence that it is objectively unreasonable." Id. (citation omitted). AEDPA also provides that "a determination of a factual issue made by a State court shall be presumed to be correct" absent "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1). These provisions of AEDPA, "operating in tandem," require that a petitioner seeking relief under § 2254(d)(2) establish that the state court's factual finding was "incorrect by clear and convincing evidence, and that the corresponding factual determination was objectively unreasonable in light of the record before the court." Merzbacher v. Shearin, 706 F.3d 356, 364 (4th Cir. 2013) (quoting Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (internal quotation marks omitted)).

## III. DISCUSSION

### A. Structured Sentencing Act Claim

In her first claim, the Petitioner asserts that her sentence was not authorized by North Carolina's Structured Sentencing Act ("SSA"). The Petitioner raised the substance of this claim in her MAR, and the MAR court denied that claim on the merits.

The Petitioner's convictions were consolidated for sentencing under the offense carrying the highest felony Class Level ("CL"), which in this case

4

was B-I. [Doc. 9-3 at 1]. The Petitioner was determined to be a Prior Record Level ("PRL") I. [Id.] The state court sentenced Petitioner in the aggravated range to a minimum of 300 months and a maximum of 369 months in prison. [Id.]

The Petitioner contends that under the SSA, the aggravated sentencing range for a Class B-1 felony for someone with a PRL I is a minimum of 240 months and a maximum of 300 months in prison. [Doc. 1 at 5]. Thus, the Petitioner claims, her sentence is unlawful.

To the extent Petitioner is claiming that her consolidated sentence violates the SSA, it is a state law matter that is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus does not lie for errors of state law.'" (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). To the extent that the Petitioner is asserting a federal constitutional law, she is simply incorrect.

The Petitioner's error is that she is treating the minimum sentencing range as both the minimum *and* the maximum sentencing range. When Petitioner committed her offenses, the range of *minimum* terms for an

5

aggravated sentence for a B-I felony at a PLR I was 240 to 300 months in prison. See N.C.G.S. § 15A-1340.17(c) (1998 version applicable to Petitioner's 1998-2001 offenses). The corresponding range of *maximum* terms is found at 15A-1340.17(e). The mandatory maximum term for a sentence with a 300-month minimum term was, and remains, 369 months. See id. Thus, the Petitioner was not sentenced outside the aggravated sentencing range for a class B-1 felony at a PRL I. As such, she has failed to demonstrate that the state court's rejection of this claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Respondent is entitled to summary judgment on this claim.

### B. Ineffective Assistance of Counsel Claims

In her second and third grounds for relief, the Petitioner asserts that she received ineffective assistance of counsel in various respects.

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To succeed on a claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was

6

Case 3:19-cv-00571-MR Document 13 Filed 07/20/20 Page 6 of 14

prejudiced by counsel's alleged deficient performance. Id. at 687. To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

A defendant who has pled guilty at the advice of counsel must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases," McMann v. Richardson, 397 U.S. 759, 771 (1970), and that, but for counsel's alleged error, there is a reasonable probability she would not have pled guilty and would have insisted on going to trial, see Hill v. Lockhart, 474 U.S. 52, 59 (1985). She must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 371-72 (2010).

The Petitioner first claims that her lawyer rendered ineffective assistance by never discussing any options other than taking the 300 to 369-month plea deal or going to trial.

7

The Petitioner did not raise this claim in her MAR. As such, this claim is unexhausted. Under the AEDPA, a petitioner must exhaust her available state remedies before she may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). That is, she must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Despite the Petitioner's failure to exhaust her available state remedies, the Court will nevertheless proceed to address the merits on the Petitioner's claim. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The terms and conditions of the Petitioner's plea bargain were as follows:

> Pursuant to the defendant's plea to one count of Felony Child Abuse, one count of Statutory Sexual offense and one count of First Degree Sexual Offense, the remaining charges will be dismissed. The Cases will be consolidated for judgment and the defendant will receive a sentence of not less than 300 nor more than 369 months in the N.C. Department of Adult Corrections.

[Doc. 9-3 at 3]. According to the Petitioner, counsel never discussed any defenses to the charges but merely told her that the State had them "over a barrel," and that she should take the 300 to 369-month plea because if they went to trial, the Petitioner would get more time. The Petitioner asserts that she felt pressured to accept the plea.

The Petitioner's claim is foreclosed by her own sworn statements made under oath when entering her Alford guilty plea. Statements made by a defendant under oath at a plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations [s]he makes under oath during a plea colloquy." Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) (citations omitted).

At the time that she entered her Alford plea, the Petitioner swore under oath in open court that she could hear and understand the trial judge; that she was not under the influence of any intoxicating substances; that her

9

attorney explained the charges to her and discussed them with her; that she understood the nature of the charges, including each element of each charge; and that she and her attorney had discussed possible defenses to the charges. [Doc. 9-2]. The Petitioner also affirmed that she was satisfied with her lawyer's legal services, and that it was in her best interest to enter the plea. [Id.]

Additionally, the Petitioner asserted that she understood that if convicted after a trial by jury, her offenses carried combined maximum total sentences of two consecutive terms of life imprisonment without parole plus 229 months imprisonment, and she stipulated to the aggravating factor that she took advantage of a position of trust. [Id.] She further affirmed that no one threatened her or made any other promises to cause her to plead guilty against her wishes. [Id.].

The Petitioner's self-serving allegation that counsel never discussed any defenses with her is not clear and convincing evidence that her contrary representation, made under oath during the plea colloquy, was false. Moreover, the Petitioner's conclusory assertion that she felt pressured to accept the plea deal does nothing to undermine the voluntary and intelligent

10

nature of her guilty plea. In sum, the Petitioner has not shown that her Alford plea was entered unknowingly and involuntarily.

Finally, the Petitioner does not assert that, but for counsel's alleged deficient performance, there is a reasonable probability she would have rejected the plea deal and insisted on going to trial. See Hill, 474 U.S. at 59. Further, she has not alleged any facts to support an argument that rejection of the plea bargain would have been rational under the circumstances. See Padilla, 559 U.S. at 371-72. Notably, the Petitioner does not identify any possible defense she had to the charges against her. Moreover, had the Petitioner proceeded to trial and lost, she could have received more than one life sentence without the possibility of parole. For all these reasons, the Petitioner's first claim of ineffective assistance is without merit.

Next, the Petitioner claims her lawyer rendered ineffective assistance by failing to offer evidence in mitigation at sentencing and by failing to object to "any lies or errors" presented in the case. The Petitioner did not raise these claims in her MAR, and they are unexhausted here. Nevertheless, the Court shall proceed to review such claims on the merits *de novo*. See 28 U.S.C. § 2254(b)(2).

As an initial matter, Petitioner's claim that trial counsel was ineffective for failing to object to "any lies or errors" presented in the case does not comply with Rule 2 of the Rules Governing Section 2254 Petitions in the United States District Courts, 28 U.S.C.A. foll. § 2254. Rule 2(c)(1) and (2) of the Rules Governing § 2254 Cases require that a habeas petition specify all the grounds for relief available to the petitioner and state the facts supporting each ground. See id. The Petitioner does not state any facts to support her claim of counsel's ineffectiveness. Her claim is wholly conclusory as she does not identify any lie or error to which trial counsel failed to object. Consequently, this claim is dismissed.

As for the Petitioner's claim that counsel rendered ineffective assistance by failing to present mitigating evidence at sentencing that Petitioner herself was abused by her co-defendant, this claim also is without merit. The Petitioner's 300 to 369-month sentence was a condition of her plea bargain, and the Petitioner entered her plea knowingly and voluntarily. As such, even if counsel had presented such evidence, the Petitioner cannot demonstrate there is a reasonable probability that the court would have entered a lower sentence. See Strickland, 466 U.S. at 694. Accordingly, this claim is also dismissed.

### C. Lack of Legal Assistance

In her fourth ground for relief, the Petitioner complains that she is having to represent herself without the assistance of counsel or access to a law library. Specifically, the Petitioner asserts that she wrote Prisoner Legal Services, Inc., but it declined to assist her.

To the extent that the Petitioner is attempting to assert a habeas claim based on her lack of legal representation, such claim is not cognizable on federal habeas review. A person in custody pursuant to the judgment of a State court may pursue habeas relief under § 2254 only on the grounds that she is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a). The Petitioner's claim does not challenge the constitutionality or legality of her custody. Moreover, there is no constitutional right to post-conviction counsel. Coleman v. Thompson, 501 U.S. 722, 755 (1991). This claim, therefore, is dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would

13

find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Respondent's Motion for Summary Judgment [Doc. 8] is **GRANTED**, and the Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: July 20, 2020

Martin Reidinger
Chief United States District Judge